IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>           Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>JULIE A. DUNBAR,   )<br>   )<br>           Defendant.   )<br>_____ ) | 8:05CR253<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's objection, Filing No. 54, to Magistrate Judge Thomas D. Thalken's report and recommendation, Filing No. 53.  Defendant filed a motion to suppress statements, Filing No. 28 as amended by Filing No. 39, made to law enforcement officers on May 13-14, 2005.  The magistrate denied defendant's motion. The government indicted defendant with conspiracy to manufacture methamphetamine, possession of pseudoephedrine to manufacture methamphetamine, attempt to manufacture methamphetamine, and with possession of equipment and chemicals to manufacture methamphetamine.[1]  Filing No. 1.

The magistrate held an evidentiary hearing on October 7, 2005. Filing No. 41, Minutes of Hearing; Filing No. 46, Transcript of Hearing ("Tr."). Under 28 U.S.C. § 636(b), the court has conducted a de novo review of those portions of the report or recommendations to which defendant objects.  *United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003).  The court has reviewed the record, including the transcript of the

---

[1]The government also indicted two co-defendants in the case, Danny J. Gottsch and  Candace M. Hohlfeld.

hearing, and the relevant case law. For the reasons set forth below, the court finds defendant's objections to the magistrate's recommendation should be overruled and the motion to suppress denied.

After reviewing the transcript, the court concludes that the magistrate's facts are correct. Consequently, the facts will not be reiterated herein except as necessary. The Douglas County Sheriff's Office received information about illegal drug activity and a possible methamphetamine laboratory near 284th and West Maple Streets in Douglas County, Nebraska. Deputies Robert Jones and Greg Kelly observed defendant taking actions that appeared to involve a drug transaction. The deputies arrested defendant and placed her in the passenger's seat of their unmarked police vehicle. Deputy Jones advised defendant of her *Miranda* rights and read her the Rights Advisory Form. Ex. 1. Defendant stated that she understood each of the rights on the advisory form as read to her. Tr. at 10-11. Thereafter, defendant then talked with Deputy Jones and made statements against her interest. She now seeks to suppress these statements.

Defendant contends that while she understood her rights as specified by Deputy Jones, she could not figure out how she could obtain an attorney while in the police vehicle. Her testimony in this regard is vague at best. On the one hand she testified that she felt like she did not understand that she could wait and answer questions after obtaining an attorney, but on cross examination she clearly articulated that she understood the question posed to her about her right to consult with an attorney before questioning. Tr. at 69-70.

2

Defendant further testified that she believed she would receive a lesser sentence if she cooperated with the police. Deputy Jones testified that he made no promises to defendant. He did testify that he told her about federal court sentences and that if she assisted the officers, he would notify the proper authorities of her assistance. He further testified that she did not ask for counsel at anytime. The magistrate found that to the extent any discrepancies existed between the testimony of Deputy Jones and the defendant, Deputy Jones' testimony is to be credited. After reviewing the transcript, the court agrees.

There is no doubt that defendant received timely *Miranda* warnings. *Miranda v. Arizona,* 384 U.S. 436 (1966). After reviewing the testimony, the court finds no evidence that the officers coerced the statements made by defendant. *See Blackburn v. Alabama*, 361 U.S. 199 (1960). The comments made by Deputy Jones about the consequences of defendant's actions appear to be factual ones. The court also agrees that the defendant made voluntary statements. *See Brown v. Mississippi*, 297 U.S. 278 (1936). Defendant made a comment to Deputy Jones about how could she have an attorney present when she was sitting in the car. However, she did not ask for an attorney at anytime. The court has held that ambiguous statements about counsel do not require cessation of questioning. *Davis v. United States*, 512 U.S. 452, 459 (1994). Accordingly, the court finds the statements offered by the defendant to be voluntarily and knowingly made and not a product of coercion on the part of law enforcement.

IT IS ORDERED that:

1. Defendant's objections, Filing No. 54, are overruled;

3

2. Defendant's motion to suppress, Filing No. 28 as amended by Filing No. 39, is denied; and

3. The magistrate's report and recommendation, Filing No. 53, is adopted in its entirety.

DATED this 8th day of December, 2005.

                              BY THE COURT:

                              s/ Joseph F. Bataillon
                              JOSEPH F. BATAILLON
                              United States District Judge